Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1715 | **DATE** | 9/1/2004 |
| **CASE TITLE** | Molex Inc. vs. Gregory T. Wyler | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for reconsideration is granted in part and denied in part. Plaintiff is given until 10/8/04 to file an amended complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 0 2 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 12 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | SEP 0 2 2004 | |
| | | | date mailed notice | |
| RO | courtroom deputy's initials | 2004 SEP -1 PM 3:35 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MOLEX INCORPORATED, )
a Delaware Corporation, )
)
Plaintiff, )
)
v. ) No. 04 C 1715
)
GREGORY T. WYLER, ) Judge Ruben Castillo
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Molex Incorporated's ("Molex") motion to reconsider our May 10, 2004 Order granting Defendant Gregory T. Wyler's motion to dismiss Molex's Complaint pursuant to Federal Rules of Civil Procedures 12(b)(1) and 12(b)(6) is before the Court. (R. 8-1.) Because our initial dismissal was closely linked to the facts alleged in the Complaint, a brief review of those allegations is appropriate here.[1]

The Complaint arises from a 1998 stock purchase agreement ("Purchase Agreement") in which Molex agreed to purchase all of the outstanding and issued shares in Silent Systems, Inc. ("Silent"), a privately-held Massachusetts corporation of which Wyler was the majority shareholder. (R. 1, Compl. ¶¶ 7-9.) Wyler and Silent represented and warranted that the Purchase Agreement disclosed the identities of all of the stockholders owning capital stock in Silent. (*Id.* ¶ 10.) Wyler also agreed to indemnify and defend Molex for any loss or expenses relating to any claim made by persons not disclosed in the Purchase Agreement who might claim

---

[1] The facts detailed below simply describe the allegations in Molex's complaint. At this stage in the proceedings, we must accept all well-pled allegations as true. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

any right to Silent's stock. (*Id.* ¶ 12.)

At the time that Molex became obligated under the Purchase Agreement to purchase Wyler's shares, a dispute arose regarding the proper calculation of the purchase price for those shares. (*Id.* ¶ 17.) On February 29, 2000, Molex, Wyler, and Silent entered into an agreement ("Settlement Agreement") that settled the price controversy. (*Id.*) Wyler represented and warranted in the Settlement Agreement that he owned his shares free and clear of any liens or restrictions. (*Id.* ¶ 20.)

After Molex purchased Wyler's shares, it received notice that Wyler's father, Geoffrey Wyler ("Geoffrey"), claimed that he was the co-owner of the Silent shares that Molex purchased from Wyler. (*Id.* ¶ 21.) In 2001, Geoffrey filed suit against Wyler, Silent, and Molex in Massachusetts state court seeking, among other things, rescission of the purchase transaction. (*Id.* ¶ 23.) After making several unmet demands upon Wyler for indemnification with respect to the Massachusetts action, Molex filed the current action on March 4, 2004. (*Id.* ¶ 24.)

On May 5, 2004, Wyler filed a motion to dismiss Molex's Complaint, claiming a lack of subject-matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6). We granted the motion without taking full briefing from the parties. (R. 7.) Molex then filed the present motion for reconsideration. For the reasons set forth below, we grant Molex's motion in part and deny it in part.

## LEGAL STANDARDS

Whether to grant a motion to reconsider is a matter squarely within the Court's discretion. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Typically, we will reconsider a prior judgment only where we have "patently misunderstood a

2

party," "made a decision outside the adversarial issues presented," or "made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). However, because we granted Wyler's motion to dismiss without allowing Molex the opportunity to brief the issues, we will not apply these standards strictly here. *See, e.g., Flanagan v. Methodist Hosp. of Chi.*, No. 95 C 7287, 1996 WL 374131, at *1, n.1 (N.D. Ill. Jun. 28, 1996).

## ANALYSIS

### I. Count One: Declaratory Judgment

Count I of Molex's Complaint requests a declaratory judgment finding that Wyler is obligated under the Purchase Agreement to defend and indemnify Molex in the Massachusetts action and the Settlement Agreement does not relieve Wyler of those duties. (R. 1, Compl. ¶ 27.) Molex contends that this request for declaratory judgment is ripe even though the Massachusetts action—in which the court will decide whether Geoffrey has any claim in the Silent shares Molex purchased from Wyler—is on-going. For the reasons set forth below, we agree with Molex's arguments only as they pertain to the question of Wyler's duty to defend Molex in the Massachusetts action.

#### A. Ripeness

The Declaratory Judgment Act allows any federal court to "declare the rights and other legal relations of any interested party seeking such declaration" and that declaration has the full force of a final judgment. 28 U.S.C. § 2201. Before the Court can decide whether a declaratory judgment is appropriate in this matter, we "must first determine whether the court has subject matter jurisdiction, *i.e.*, whether the case presents an 'actual controversy' between the parties."

3

*Basic v. Fitzroy Eng'g, Ltd.*, 949 F. Supp. 1333, 1337 (N.D. Ill. 1996); *Tobin v. City of Peoria, Ill.*, 939 F. Supp. 628, 634 (C.D. Ill. 1996) (stating that in a declaratory judgment action, the Court "should be 'particularly vigilant' to make certain the case is ripe"). Whether an actual controversy exists under the Declaratory Judgment Act turns on whether "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

There certainly exists a "substantial controversy" regarding Wyler's duties to defend and indemnify Molex; the parties disagree as to whether Wyler must pay Molex's defense costs in the Massachusetts litigation and as to whether Wyler must indemnify Molex for any liability it eventually sustains in that action. The adversity of their legal interests is equally obvious. The more difficult question for both issues is whether they are sufficiently immediate to justify issuance of a declaratory judgment. *Maryland Cas. Co.*, 312 U.S. at 273. The duty to defend and the duty to indemnify allegations require separate analysis.

### i. Duty to Defend

In the insurance context, the general rule is that an actual controversy exists where an insured alleges that its insurer has a duty to defend him against potential liability in an underlying action. A duty-to-defend claim is ripe during the pendency of that action. *Sears, Roebuck & Co. v. Zurich Ins. Co.*, 422 F.2d 587, 589 (7th Cir. 1970); *Ins. Co. of the W. v. County of McHenry*, No. 02 C 2291, 2002 WL 1803743, at *2 (N.D. Ill. Aug. 6, 2002). Because the duty to defend question usually does not depend on the outcome of the underlying action, there is no barrier to resolving that question before the underlying litigation is resolved. *See, e.g., Nationwide Ins. v.*

*Zavalis*, 52 F.3d 689, 695 (7th Cir. 1995). As the Seventh Circuit has noted, a "[d]efense may be required even if there never turns out to be any liability to indemnify." *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003).

We see no difference between an insured's claim that his insurer has a duty to defend him in on-going litigation and Molex's claim here that Wyler is bound contractually to defend him in the Massachusetts litigation. Whether Wyler has a duty to defend Molex is a question of contractual interpretation that does not require the resolution of any facts or issues in the underlying action. In the present motion, Molex submits the affidavit of its attorney averring that Molex has incurred up to $200,000 in legal fees and expenses thus far in its defense of the Massachusetts action.[2] (R. 8, Pl.'s Mot., Ex. A, Carpenter Aff. ¶ 3.) Molex argues that the Massachusetts court's May 2002 stay of the litigation against Molex has not ended its accumulation of defense costs because it is required to provide discovery regardless of the stay.[3] (R. 11, Pl.'s Reply at 5-6.) Because Molex has alleged that it is currently experiencing harm that is completely independent from the outcome of the Massachusetts litigation, we find that an actual controversy of sufficient immediacy exists as to whether Wyler must reimburse Molex for its on-going defense costs in the Massachusetts litigation.

---

[2] When considering a 12(b)(1) motion to dismiss, the Court can consider "whatever evidence has been submitted" to determine whether the Court has subject matter jurisdiction. *Capital Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993).

[3] Wyler repeatedly insists in his response that Molex's defense costs are less than the $75,000 jurisdictional requirement. (R. 10, Def.'s Resp. at 3, 7.) Wyler has failed, however, to provide anything more than speculation to demonstrate that Molex's affidavit regarding its defense fees is incorrect.

### ii. Duty to Indemnify

Whether or not there is a ripe controversy regarding Wyler's duty to indemnify Molex for any eventual losses it may suffer in the Massachusetts litigation is a more complex question. As a general rule, "decisions about indemnity should be postponed until the underlying liability has been established." *Lear*, 353 F.3d at 583; *see also Zavalis*, 52 F.3d at 693; *Grinnell Mut. Reins. Co. v. Reinke*, 43 F.3d 1152, 1154 (7th Cir. 1995). This rule is in place because a declaration regarding the duty to indemnify may have no real-world impact if no liability arises in the underlying litigation. *See Leer*, 353 F.3d at 583. The declaration could therefore amount to an impermissible advisory opinion. *Id.* Such declarations are also ill-advised because they "consume judicial time in order to produce a decision that may turn out to be irrelevant." *Id.*

Molex is correct to point out that this is "a general rule rather than an absolute one." *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 680 (7th Cir. 1992). In *Bankers Trust*, the Seventh Circuit held that an actual controversy existed regarding an insurer's duty to indemnify even though the underlying litigation regarding the insured's liability was unresolved. *Id.* at 681. The court noted that whether a probabilistic injury is sufficient to state a claim is a "matter of degree." *Id.* The court considered the following factors to determine whether the duty to indemnify claim was ripe: the likelihood that the insured would be liable in the underlying litigation; the high amount of damages for which the insured was likely to be liable; the insured's inability to pay those damages if found liable; the likelihood that no other insurance policy would cover the damages. *Id.* at 681-82. Because the court found a high likelihood that the insured would be held liable in the underlying action for an amount that the insured could not afford to cover, the Seventh Circuit found that the harm was sufficiently probable to allow a declaratory

6

judgment on the duty to indemnify before the question of the insured's liability was resolved. *Id.*

The general rule against issuing a declaratory judgment regarding the duty to indemnify before the underlying action is resolved is appropriate in this case. If we were to issue a declaratory judgment in Molex's favor regarding the duty to indemnify, and Geoffrey does not prevail on any of his claims, our declaratory judgment would be entirely irrelevant. Molex has not demonstrated that the considerations at play in the *Bankers Trust* case also apply here, so we have no basis on which to evaluate the likelihood of Molex's liability in the Massachusetts action, the level of liability likely to be incurred, or Molex's ability to pay any possible damages. Although it may be more convenient for the Court to resolve the duty to defend and duty to indemnify question simultaneously, convenience concerns cannot trump Article III's ripeness requirement.[4] As it pertains to Molex's request for a declaratory judgment regarding the duty to indemnify, Molex's motion is denied.

### B. Appropriateness of Declaratory Relief

Having surmounted the ripeness test, Molex's request for declaratory relief regarding Wyler's duty to defend must pass a second test: appropriateness. "[E]ven where a case presents an actual controversy, a court may refuse to grant declaratory relief for prudential reasons." *Alcan Aluminum Ltd. v. Dep't of Rev. of Or.*, 724 F.2d 1294, 1298 (7th Cir. 1984). This is because "there is no 'right' to declaratory relief; a request for such relief is addressed to the discretion of the district court." *Bankers Trust*, 959 F.2d at 682. The Court considers five

---

[4]We note that Molex alleges that Wyler's duty to indemnify and duty to defend arise from the same contractual clauses. As a practical matter, then, our ultimate resolution regarding Wyler's duty to defend may place the parties in a better position to resolve their disagreement over the alleged duty to indemnify.

factors in deciding whether to grant a declaratory judgment:

> (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for *res judicata*'; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.

*Nucor Corp. v. Aceros y Maquilas de Occidente*, 28 F.3d 572, 579 (7th Cir. 1994).

Each of the *Nucor* factors points to the appropriateness of a declaratory judgment regarding Wyler's duty to defend Molex in the Massachusetts action. The declaration would clarify the parties' legal relations and settle the controversy of whether Wyler must reimburse Molex for its past and future legal expenses incurred in the Massachusetts action; the only question that would remain is the eventual total of that liability. Procedural fencing is not a concern here; who pays for Molex's defense costs has no impact on the substantive questions at issue in the Massachusetts action. Because this issue is distinct from the facts and issues underlying the Massachusetts action, there is no risk that our decision will encroach on the Massachusetts court's jurisdiction over that matter. Finally, neither party has proposed a more suitable alternative remedy to our deciding the issue of Wyler's duty to defend. For all of these reasons, we grant Molex's motion for reconsideration as it applies to the duty-to-defend question in Count One of its Complaint.

## II.     Molex's Remaining Equitable and Legal Claims

Wyler argues that we should not reconsider our dismissal of Counts Two through Eight of Molex's Complaint because they are "expressly hypothetical" and unripe. (R. 10, Def.'s Resp. at 3.) Instead of demonstrating that these claims are ripe, Molex argues that dismissal is unfair

8

because the applicable statute-of-limitations periods may run out on these claims before the Massachusetts action has ended, barring Molex from eventual relief. (R. 11, Pl.'s Reply at 9-10.) We can not ignore a justiciability requirement in order to maximize Molex's chances for recovery. We address the ripeness issues of each category of the remaining claims below.

### A. Counts Two and Three: Breach of Contract

Counts two and three—which are claims for breach of contract under the Purchase Agreement and the Settlement Agreement, respectively—contain two theories under which Molex seeks recovery for breach of contract. The first is facially hypothetical, stating:

> [i]f and to the extent that [] Geoffrey is successful in the [Massachusetts action], and Geoffrey establishes that he was a shareholder of or otherwise had a beneficial interest in Silent Systems as at the purchase transaction in September 2001, then [Wyler's] representations covenants and warranties contained in the Purchase Agreement will have been adjudicated to have been false and fraudulent when made.

(R. 1, Compl. ¶¶ 30, 34.) "Cases are unripe when the parties point only to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts." *Hinrichs v. Whitburn*, 975 F.2d 1329, 1333 (7th Cir. 1992). We simply cannot adjudicate now whether Wyler has breached his contractual duties based on events that may or may not occur. *Id.*

Counts two and three are ripe, however, under their second theory: that Wyler has breached his contractual duty to defend Molex. (*Id.* ¶¶ 31, 37.) As discussed above, Molex alleges that it has already and will continue to incur expenses in the Massachusetts based on Wyler's alleged breach of his duty to defend. As a result, this aspect of Molex's breach of contract claims are ripe for review.

9

## B. Counts Four, Five, and Six: Fraudulent Inducement and Estoppel

Counts four, five, and six—which are claims for fraudulent inducement under the Purchase Agreement, fraudulent inducement under the Settlement Agreement, and estoppel, respectively—all are facially dependent on the outcome of the Massachusetts action. (*Id.* ¶¶ 40, 44, 48.) Each of these counts states that Wyler is liable only "[i]f and to the extent that Geoffrey is successful" in the Massachusetts action. Accordingly, these claims are not justiciable until the outcome of the Massachusetts action is known. *Hinrichs*, 975 F.2d at 1333.

## C. Count Seven: Illinois Consumer Fraud and Deceptive Business Practices Act, and Count Eight: Violation of Massachusetts General Laws Chapter 93A

Counts seven and eight do not explicitly rely on hypothetical circumstances. Instead, both counts allege that Wyler has engaged in deceptive and illegal business practices which resulted in damages to Molex. (R. 1, Compl. at 52-60.) Considered in the light most favorable to Molex, these counts do not state a claim based on probabilistic, future harm, but rather rely on harm that Molex alleges has already come to pass. Counts seven and eight therefore state a claim for relief under the Court's diversity jurisdiction.

We note, however, that these claims arise from the same facts that are currently being litigated in the Massachusetts action.[5] In order to determine whether Wyler engaged in deceptive practices, we would need to resolve whether Geoffrey had any interest in Wyler's Silent shares. This is the very issue currently being litigated in the Massachusetts action. (R. 6, Def.'s Mot. to

---

[5]Count seven states that Wyler violated the Illinois Consumer Fraud and Deceptive Business Practices Act by engaging in deceptive practices involving trade or commerce knowing that Molex would rely on those deceptions to its detriment. (R. 1, Compl. ¶¶ 52-56.) Count VIII states that Wyler intentionally and willfully violated Massachusetts General Laws Chapter 93A, which prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. . ." M.G.L.A. 93A § 2.

Dismiss, Ex. C, Order at 3.) Counts seven and eight thus pose the problem of burdensome duplicative state and federal litigation, which may present an appropriate scenario for a stay of these counts under the abstention doctrine set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) until the conclusion of the Massachusetts action. If abstention is indeed proper on these counts, the parties should present an appropriate motion.

## CONCLUSION

For the reasons set forth above, Molex's motion for reconsideration, (R. 8-1), is granted in part and denied in part. With respect to count one, Molex's motion is granted only as applied to its request for a declaratory judgment regarding Wyler's duty to defend Molex in the Massachusetts litigation. It is denied as applied to Wyler's duty to indemnify Molex. With respect to counts two and three, Molex's motion is granted only as applied to the claims that Wyler breached his contractual duty to defend under the Purchase and Settlement Agreements. It is denied as applied to the claim that if Geoffrey is successful in the Massachusetts litigation, then Wyler breached the covenants in the Purchase and Settlement Agreements. Molex's motion is denied with respect to counts four, five, and six. Finally, Molex's motion is granted with respect to counts seven and eight.

Molex is given until October 8, 2004 to file an amended complaint which fully comports with this opinion. The parties are urged to exhaust all remaining settlement possibilities for this dispute prior to that date.

ENTERED: *[signature]*
Judge Ruben Castillo
United States District Court

**Dated: September 1, 2004**

11